UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
JEFFREY DRURY,                                           :
                                                                        :
       Plaintiff,                                       :        Civ. No. 15-2137 (RBK) (KMW)
                                                                        :
       v.                                                    :
                                                                        :        **OPINION**
M. DEBELLIS, et al.,                                        :
                                                                        :
       Defendants.                                   :
_____ :

**ROBERT B. KUGLER, U.S.D.J.**

## I.      INTRODUCTION

      Plaintiff is a state prisoner proceeding *pro se* with a civil complaint filed pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act. Plaintiff's application to proceed *in forma pauperis* was previously granted. Therefore, at this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the complaint will be permitted to proceed in part.

## II.     BACKGROUND

      The allegations of the complaint will be construed as true for purposes of this screening Opinion. Plaintiff names two defendants in his complaint; specifically: (1) M. Debellis; and (2) John Powell. Plaintiff states that Debellis is a Senior Correctional Officer at the Bayside State Prison where he is incarcerated. Plaintiff has multiple sclerosis. At times, he had to go to medical appointments related to his condition while working at his prison job in the kitchen. He claims

that Delellis fired him from his kitchen prison job because of his medical condition in violation of the Americans with Disabilities Act and state law.

With respect to Powell, plaintiff alleges that he was in charge of the administrative grievance process at Bayside State Prison.

### III.    STANDARD FOR *SUA SPONTE* DISMISSAL

Per the Prison Litigation Reform Act, Pub.L. 104–134, §§ 801–810, 110 Stat. 1321–66 to 1321–77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana,* 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling,* 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard,* 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States,* 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit.

To survive the court's screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster,* 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal,* 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. Nevertheless, *"pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 245 (3d Cir.2013) (citation omitted) (emphasis added).

## IV.   DISCUSSION

A.  Defendant Powell

The complaint states that Powell is involved in this case as he was in charge of plaintiff's administrative appeal on his grievance. Typically, a plaintiff appealing grievances to the prison administrator is not enough to impose knowledge against the prison administrator of the wrongdoing. *See Croom v. Wagner,* No. 06–1431, 2006 WL 2619794, at *4 (E.D. Pa. Sept.11, 2006) ("[N]either the filing of a grievance nor an appeal of a grievance to Warden Wagner is sufficient to impose knowledge of any wrongdoing.") (citing *Rode v. Dellarciprete,* 845 F.2d 1195, 1208 (3d Cir. 1988); *Pressley v. Blaine,* No. 01–2468, 2006 U.S. Dist. LEXIS 30151, at *17 (W.D. Pa. May 17, 2006) (citing *Garfield v. Davis,* 566 F. Supp. 1069, 1074 (E.D.Pa.1983))); *see also Alexander v. Gennarini,* 144 F. App'x 924, 925 (3d Cir.2005) (per curiam) ("Section 1983 liability cannot be found solely on the basis of *respondeat superior.* The District Court properly dismissed Alexander's claims as against Defendants Klem and Burks, as the allegations related to these defendants merely assert their involvement in the post-incident grievance process.") (internal citation omitted). Furthermore, this is not a situation where

3

plaintiff has alleged an ongoing violation that could potentially make Powell liable. *See Cardona v. Warden – MDC Facility*, No. 12-7161, 2013 WL 6446999, at *5 (D.N.J. Dec. 6, 2013) (collecting cases and noting that a plaintiff may have a claim against a supervisory defendant who reviewed a grievance where the plaintiff alleges an ongoing violation). Thus, plaintiff fails to state a claim against Powell upon which relief may be granted. Therefore, his federal claims against this defendant will be dismissed without prejudice.

Because there are no federal claims remaining against Powell, this Court will decline to exercise its supplemental jurisdiction over plaintiff's state law claims against him as well. *See T.R. v. Cnty. of Delaware*, No. 13-2931, 2013 WL 6210477, at *8 (E.D. Pa. Nov. 26, 2013) (declining supplemental jurisdiction over plaintiff's state law claims against one defendant when there are no viable federal claims against that defendant despite the fact that plaintiff may have pled plausible claims against another defendant); *see also Nadal v. Christie*, No. 12-5447, 2014 WL 2812164, at *8 (D.N.J. June 23, 2014).

B. <u>Defendant Debellis</u>

At this early screening stage, the Court will permit plaintiff's complaint against Debellis to proceed past screening based on the allegations contained therein. *Cf. Muhammad v. Kaloroumakis*, No. 14-1794, 2015 WL 1712594, at *3-4 (D. Md. Apr. 14, 2015) (denying motion to dismiss where prisoner alleged that he was deprived of prison job based on his disability).

V. **CONCLUSION**

For the foregoing reasons, plaintiff's claims against Powell will be dismissed without prejudice for failure to state a claim upon which relief may be granted and the Court will decline

4

5

to exercise supplemental jurisdiction over plaintiff's state law claims against Powell. The complaint will be permitted to proceed against Debellis. An appropriate Order will be entered.


DATED:  July 22, 2015

                                                                                    <u>s/Robert B. Kugler</u>
                                                                                    ROBERT B. KUGLER
                                                                                    United States District Judge