**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

JEFFREY DRURY,                              :
                                            :
            Plaintiff,                      :        Civ. No. 15-2137 (RBK) (KMW)
                                            :
     v.                                     :
                                            :
M. DEBELLIS, et al.,                        :        **OPINION**
                                            :
            Defendants.                     :
_____    :

**ROBERT B. KUGLER, U.S.D.J.**

## I.      INTRODUCTION

Plaintiff, Jeffrey Drury, is a state prisoner who is proceeding *pro se* with an amended

complaint. Previously, this Court screened Mr. Drury's original complaint and permitted it to

proceed only against defendant M. Debellis. Thereafter, based on various filings by Mr. Drury, it

appeared that he wanted to amend his complaint. Therefore, this Court ordered Mr. Drury to file

one all-inclusive amended complaint. He did so. (*See* Dkt. No. 37) Subsequently, and currently

pending before this Court, is M. Debellis' motion to dismiss the amended complaint for failure to

state a claim.[1] For the following reasons, the motion to dismiss will be granted.

_____

[1] The amended complaint also raises new claims and includes new defendants not previously
raised in the original complaint. To the extent that it does so, this Court must screen the amended
complaint pursuant 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be
dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted
or because it seeks monetary relief from a defendant who is immune from suit with respect to
these new claims and new defendants. This Court will do so in a forthcoming opinion. That
opinion will be filed in due course and will also decide Mr. Drury's request for preliminary
injunctive relief. (*See* Dkt. No. 50) Accordingly, this opinion will only discuss the allegations of
the amended complaint as it relates to defendant M. Debellis.

## II.     BACKGROUND

The allegations of the amended complaint will be construed as true for purposes of this opinion. M. Debellis is a senior correctional officer at Bayside State Prison ("BSP") where Mr. Drury was previously incarcerated. [2] Mr. Drury had to go to the medical department while incarcerated at BSP at various times due to the fact that he has multiple sclerosis. Mr. Drury had a job as a pot washer at BSP. He worked the 8:00 a.m. to 1:00 p.m. shift. Defendant M. Debellis did not like the fact that Mr. Drury had to leave work sometimes during his shift to attend medical appointments. M. Debellis harassed Mr. Drury verbally. On January 30, 2015, Mr. Drury had a 10:00 am medical appointment of approximately one hour. This appointment was longer that his other appointments. Mr. Drury returned to work after this appointment. The next day, Mr. Drury was fired by M. Debellis from his pot washing job. M. Debellis told him that he had not come back to work the previous day. M. Debellis further told Mr. Drury that he was sick of all of his medical appointments and that Mr. Drury could take his "sick ass to whatever medical appointments you want to now[.]" (Dkt. No. 37 at p. 38)

Mr. Drury brings his amended complaint under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), the Rehabilitation Act and the New Jersey Administrative Code. He sues M. Debellis in both his official and individual capacities. He seeks injunctive relief and monetary damages in his amended complaint.

Defendant M. Debellis has filed a motion to dismiss the amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Mr. Drury did not file a response in opposition to the motion.

---

[2] Mr. Drury is now incarcerated at South Woods State Prison ("SWSP").

### III. LEGAL STANDARD

In deciding a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss for failure to state a claim, a complaint must allege "sufficient factual matter" to show that its claims are facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing*, 764 F.3d at 308 (quoting *Iqbal*, 556 U.S. at 678).

Additionally, it is worth noting that under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *see* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, *"pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

# IV.    DISCUSSION

A.  Request for Injunctive Relief

To the extent that Mr. Drury is seeking injunctive relief from M. Debellis, such claims for injunctive relief are now moot in light Mr. Drury's transfer to SWSP. *See, e.g.*, *Hennis v. Varner*, 544 F. App'x 43, 45 (3d Cir. 2013) (request for injunctive relief for loss of prison job became moot upon transfer to another prison); *Abdul–Akbar v. Watson,* 4 F.3d 195, 206 (3d Cir. 1993) (holding that the plaintiff's release from prison rendered the case moot because "the district court could not provide Abdul–Akbar with meaningful relief by entering an injunctive order respecting the [prison] in which Abdul–Akbar no longer was incarcerated"); *Weaver v. Wilcox,* 650 F.2d 22, 27 (3d Cir. 1981) (holding that the plaintiff's prison transfer meant that he "lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge"); *see also Carey v. Johnson,* Civ. No. 05–1695, 2006 WL 3694476, at *6 (W.D. Pa. Dec. 13, 2006) ("The transfer of Plaintiff to SCI–Greensburg moots any claims for injunctive and declaratory relief against Defendants who no longer have any responsibility over the care and control of Plaintiff at SCI–Greensburg."). Therefore, Mr. Drury's claims for injunctive relief against M. Debellis shall not be permitted to proceed.

B.  Eleventh Amendment Immunity & Section 1983 Claims

Mr. Drury cannot pursue his § 1983 claims for monetary damages against M. Debellis in his official capacity based upon Eleventh Amendment immunity. "'A state, its agencies, and its actors in their official capacities are not person who may be sued under § 1983.'" *See Ali–X v. Employees of Mail Room Staffs,* No. 12–3147, 2014 WL 1665043, at *3 (D.N.J. Apr. 25, 2014) (quoting *Smith v. New Jersey,* 908 F. Supp. 2d 560, 563 (D.N.J. 2012)). Indeed, as the United States Supreme Court has noted, "neither a State nor its officials acting in their official capacities

are 'persons' under § 1983." *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). Additionally, "[i]ndividual state employees sued in their official capacity are also entitled to Eleventh Amendment immunity because 'official-capacity suits generally represent only another way of pleading an action' against the state." *Betts v. New Castle Youth Dev. Ctr.,* 621 F.3d 249, 254 (3d Cir. 2010) (quoting *Hafer v. Melo,* 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991)). Therefore, Mr. Drury's claims for monetary damages against M. Debellis in his official capacity under Section 1983 will be dismissed with prejudice as he is immune from suit pursuant to the Eleventh Amendment.

C. ADA and Rehabilitation Act Claims

Mr. Drury seeks to bring ADA and Rehabilitation Act claims against M. Debellis. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. However, individuals are not a public entities within the meaning of Title II of the ADA. *See Emerson v. Thiel College,* 296 F.3d 184, 189 (3d Cir. 2002) (individuals are not liable under Title II of the ADA); *Wood v. Russell*, No. 14-0476, 2017 WL 2485236, at *8 (D. Del. June 8, 2017) (same). Therefore, Mr. Drury cannot pursue his ADA claims against M. Debellis as an individual.[3]

Section 504 of the Rehabilitation Act prohibits programs that receive federal funds from discriminating against an individual based on disability: "No otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded

---

[3] While federal ADA claims for prospective injunctive relief against state officials in their official capacities may be allowed, *see Koslow v. Commonwealth of Pennsylvania*, 302 F.3d 161, 179 (3d Cir. 2002), in this case, as stated *supra*, Mr. Drury's claims for injunctive relief against M. Debellis have been dismissed due to his transfer to SWSP.

from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency ...." 29 U.S.C. § 794(a). Individual liability also does not apply under this statute for public employees. *See A.W. v. Jersey City Pub. Sch.*, 486 F.3d 791, 804 (3d Cir. 2007) ("Suits may be brought pursuant to Section 504 against recipients of federal financial assistance, but not against individuals.") (citing *Emerson*, 296 F.3d at 190). Therefore, Mr. Drury shall not be entitled to pursue his Rehabilitation Act claims against M. Debellis as well. Accordingly, Mr. Drury's ADA and Rehabilitation Act claims against M. Debellis shall be dismissed with prejudice.

D. Section 1983 Claims

Mr. Drury cites to due process, equal protection and the First and Eighth Amendments in support of his Section 1983 claims.[4] Each are considered in turn.

i.    Due Process Claim

Mr. Drury asserts that his due process rights were violated when he was fired from his prison job by M. Debellis. However, Mr. Drury does not state a constitutional claim based on his loss of his prison job because "there is no liberty interest in a prison job arising from the Due Process Clause." *See Presbury v. Wenerowicz*, 472 F. App'x 100, 101 (3d Cir. 2012) (citing *James v. Quinlan*, 866 F.2d 627, 629 (3d Cir. 1989)). Furthermore, "New Jersey courts have also held that New Jersey inmates 'do not have a liberty interest in a particular, or any, job assignment[.]" *Loyal v. Lanigan*, No. 15-5769, 2016 WL 4545308, at *4 (D.N.J. Aug. 30, 2016) (quoting *Shabazz v. New Jersey Dep't of Corrections*, 385 N.J. Super. 117, 129 (App. Div. 2006)

---

[4] The motion to dismiss does not discuss Mr. Drury's reliance on due process and equal protection to support his claims. This omission by defendant M. Debellis notwithstanding, this Court still must screen all of Mr. Drury's claims against M. Debellis pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

(quoting *Lorusso v. Pinchak*, 305 N.J. Super. 117, 119 (App. Div. 1997), *certif. denied*, 153 N.J. 403 (1998))). Therefore, Mr. Drury's due process claim against M. Debellis will be dismissed with prejudice.

ii.     Equal Protection Claim

Mr. Drury also appears to assert that his equal protection rights were violated when he was fired from his prison job. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). Thus, to state a claim under the Equal Protection Clause, a plaintiff must allege that: (1) he is a member of a protected class; and (b) he was treated differently from similarly situated inmates. *See id.* Where the plaintiff does not claim membership in a protected class, he must allege arbitrary and intentional discrimination in order to state an equal protection claim. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Specifically, he must state facts showing that: "(1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006).

Prison inmates are not members of a protected class. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 317 (3d Cir. 2001) (stating that prisoners are not a suspect class). Furthermore, the disabled are not a suspect class. *See Bowers v. National Collegiate Athletic Ass'n*, 475 F.3d 524, 553 (3d Cir. 2007) (citing *City of Cleburne*, 473 U.S. at 439). Therefore, Mr. Drury's equal protection claim against M. Debellis can only proceed if he has sufficiently alleged facts under the "class-of-one" theory as stated in *Olech* and *Hill*.

Mr. Drury's allegations fail to state a "class-of-one" equal protection claim under the applicable *Iqbal* pleading standard. His allegations do not state with any facial plausibility that similarly situated people were treated differently by M. Debellis. Mr. Drury's allegations do not name with any specificity any similarly situated person or people that were treated differently than him. Accordingly, his equal protection claim against M. Debellis will be dismissed without prejudice for failure to state a claim.

    iii.      First & Eighth Amendment Claims

Mr. Drury also cites to the First and Eighth Amendments to support his Section 1983 claims against M. Debellis. This Court construes the amended complaint as attempting to raise a harassment and retaliation claims against M. Debellis.

"Allegations of verbal abuse or threats, absent any injury or damage, are not cognizable under § 1983." *Brown v. Hamilton Twp. Police Dep't Mercer Cnty., N.J.*, 547 F. App'x 96, 97 (3d Cir. 2013) (citing *McBride v. Deer*, 240 F.3d 1287, 1291 n. 3 (10th Cir. 2001); *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997)). Accordingly, to the extent that Mr. Drury is asserting an Eighth Amendment claim to be free from cruel and unusual punishment due to M. Debellis' verbal harassment, he fails to state a claim.

Instead, Mr. Drury's main complaint throughout his amended complaint centers upon whether he was retaliated against by prison officials. With respect to retaliation:

> "A prisoner alleging retaliation must show (1) constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal connection between the exercise of his constitutional rights and the adverse action taken against him."

*Mack v. Yost*, 427 F. App'x 70, 72 (3d Cir. 2011) (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)). With respect to the third element, the plaintiff must allege that the

constitutionally protected conduct was a substantial or motivating factor for the adverse action to sufficiently state a retaliation claim. *See Velasquez v. Diguglielmo*, 516 F. App'x 91, 95 (3d Cir. 2013) (citing *Cater v. McGrady*, 292 F.3d 152, 157, 158 (3d Cir. 2002)); *Rauser* [*v. Horn*, 241 F.3d [330,] 333 [(3d Cir. 2001)]. Furthermore:

> To establish the requisite causal connection for a retaliation claim predicated on the First Amendment, the plaintiff (here, a prisoner) usually has to prove one of two things: (1) an unusually suggestive time proximity between the protected activity and the allegedly retaliatory action; or (2) a pattern of antagonism coupled with timing to establish a causal link. *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007). If neither of these showings is made, then the plaintiff must show that, from the evidence in the record as a whole, the trier of fact should infer causation." *Id.*

*DeFranco v. Wolfe*, 387 F. App'x 147, 154 (3d Cir. 2010). While temporal proximity is relevant in First Amendment retaliation cases, *see Ambrose v. Twp. of Robinson, Pa.*, 303 F.3d 488, 494 (3d Cir. 2002) (citing *Rauser*, 241 F.3d at 334), "'[t]he mere passage of time is not legally conclusive proof against retaliation.'" *Marra v. Phila. Housing Auth.*, 497 F.3d 286, 302 (3d Cir. 2007) (quoting *Robinson v. Southeastern Pa. Transp. Auth*, 982 F.2d 892, 894 (3d Cir. 1993)) (other citation omitted).

Mr. Drury fails to state a retaliation claim against M. Debellis because he fails to allege constitutionally protected conduct as it relates to M. Debellis. It appears as though Mr. Drury is basing his retaliation claims in his amended complaint upon the filing of prison grievances. The filing of prison grievances is considered constitutionally protected conduct. *See Laurensau v. Romarowics*, 528 F. App'x 136, 139 (3d Cir. 2013) (citing *Milhouse v. Carlson*, 652 F.2d 371, 373-74 (3d Cir. 1981); *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). Additionally, being fired from his prison job could constitute an adverse action. *See Pepe v. Lamas*, No. 16-3195, 2017 WL 633336, at *1 (3d Cir. Feb. 16, 2017); *Mack*, 427 F. App'x at 72-73. However, the

filing of Mr. Drury's prison grievances which this Court has construed as Mr. Drury's constitutionally protected conduct, all occurred *after* he was terminated from his job by M. Debellis as alleged in the amended complaint. Thus, there is a problem with raising a retaliation claim against M. Debellis based on the timing of Mr. Debellis' constitutionally protected activities as this Court has construed them to be. Accordingly, the retaliation claim against Mr. Debellis will be dismissed without prejudice as Mr. Drury fails to allege constitutionally protected conduct that occurred prior to his job termination. Accordingly, Mr. Debellis has failed to state any Section 1983 claim against M. Debellis.

> iv.     New Jersey Administrative Code § 10A:4-3.1 Claims

Mr. Drury also brings claims against M. Debellis under N.J.A.C. § 10A:4-3.1(a) and (b). The relevant provisions of that Administrative Code section states as follows:

> (a) The following rights are found in the Handbook on Discipline that is provided to each inmate as part of reception into the Department of Corrections.
>
>> 1. You have the right to be treated respectfully, impartially and fairly by all personnel. . . .
>> 10. You have the right to participate in counseling, education, vocational training, and employment as far as resources are available and in keeping with your interests, needs and abilities.
>
> (b) The following responsibilities are found in the Handbook on Discipline that is provided to each inmate as a part of reception into the Department of Corrections. . . .
>
>> 7. You have the responsibility to present honestly and fairly your petitions, questions and problems to the court. . . .
>> 11. You have the responsibility to take advantage of activities (such as counseling, education, vocational training and employment) which may help you live a successful and law abiding life within the correctional facility and in the community. You will

> be expected to abide by the regulations governing
> the use of such activities.

N.J.A.C. § 10A:4-3.1(a), (b). M. Debellis argues that this section of the Administrative Code

does not provide for a private right of action.

As one court in this District has explained:

> When a statute does not expressly provide a private right of action,
> New Jersey courts "have been reluctant to infer" such a right. *R.J.*
> *Gaydos Ins. Agency, Inc. v. Nat'l Consumer Ins. Co.*, 168 N.J. 255,
> 773 A.2d 1132, 1142 (N.J. 2001). The factors used by courts to
> determine whether a statute confers an implied private right of
> action include whether:
>
> > (1) plaintiff is a member of the class for whose
> > special benefit the statute was enacted; (2) there is
> > any evidence that the Legislature intended to create
> > a private right of action under the statute; and (3) it
> > is consistent with the underlying purposes of the
> > legislative scheme to infer the existence of such a
> > remedy
>
> *Id.* at 1143. While courts give weight to all three factors, "the
> primary goal has almost invariably been a search for the
> underlying legislative intent." *Id.* (quoting *Jalowiecki v. Leuc*, 182
> N.J.Super. 22, 440 A.2d 21, 26 (N.J.Super.Ct.App.Div.1981)).

*Oliver v. Roquet*, No. 13-1881, 2014 WL 4271628, at *4 (D.N.J. Aug. 24, 2017).

N.J.A.C. § 10A:4-3.1 does not expressly provide a private right of action. Mr. Drury

comes forward with no evidence (nor has this Court found any) that the Legislature intended to

create an implied right of action. *See Drake v. Muniak*, No. 13-3868, 2016 WL 1162375, at *7

(D.N.J. Mar. 24, 2016) (holding that § 10A:4-3.1 does not provide for a private right of action);

*but see White v. Taylor*, No. 10-5485, 2014 WL 2196509, at *7 (D.N.J. May 24, 2017) (declining

to rule on whether there is a private right of action to enforce N.J.A.C. § 10A:4-3.1).

Accordingly, Mr. Drury's claims brought under the N.J.A.C. § 10A:4-3.1 against M. Debellis

will be dismissed with prejudice.

## V.     CONCLUSION

For the foregoing reasons, M. Debellis' motion to dismiss the claims against him in the amended complaint will be granted.[5] Mr. Drury's monetary damages claims against M. Debellis alleging retaliation and equal protection violations are dismissed without prejudice. The remaining claims against M. Debellis are dismissed with prejudice. An appropriate order will be entered.


DATED:  June 28, 2017                                    s/Robert B. Kugler
                                                         ROBERT B. KUGLER
                                                         United States District Judge

---

[5] Because all of the claims against M. Debellis in the amended complaint are being dismissed, this Court need not engage in a discussion of M. Debellis' additional argument in his motion that he is entitled to qualified immunity.